PROB 12C
(REV. 12/04)

**FILED**
July 19, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
DEPUTY

# UNITED STATES DISTRICT COURT

for

WESTERN DISTRICT OF TEXAS

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Jessica Lynn McKown | Case Number: 5:17-CR-00965-OLG(2) |
| Name of Sentencing Judicial Officer: | Honorable Orlando L. Garcia, Chief United States District Judge |
| Date of Original Sentence: | June 27, 2018 |
| Original Offense: | **Count 5:** Access Device Fraud, in violation of 18 U.S.C § 1029(a)(2) <br> **Count 7:** Aggravated Identity Theft, in violation of 18 U.S.C § 1028A(a)(1) |
| Original Sentence: | A total of Twenty-five (25) months imprisonment. **Count 5:** One (1) month imprisonment and **Count 7:** Twenty-four (24) months imprisonment, to run consecutively; followed by a two (2) year term of supervised release, as to **Counts 5** one (1) year as to **Count 7**, to run concurrently. |
| Type of Supervision: Supervised Release | Date Supervision Commenced: September 9, 2019 |
| Assistant U.S. Attorney: Thomas P. Moore | Defense Attorney: Brian Call Kimbrough |

### PREVIOUS COURT ACTION

On October 23, 2019, a Probation Form 12B-Request Modifying the Conditions or Terms of Supervision with Consent was signed and amended by the Court modifying a restitution payment amount of no less than $50.00 per month.

On March 6, 2020, a Probation Form 12B-Request Modifying the Conditions or Terms of Supervision with Consent was signed and amended by the Court modifying the conditions to include inpatient treatment.

On March 30, 2020, a Probation Form 12A-Report on Offender Under Supervision was submitted reporting Ms. Mckown's use of methamphetamine. On March 30, 2020, your Honor agreed to no action as she was pending placement in residential drug treatment with Alpha Home.

### PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Mandatory Condition No. 1:** The defendant shall not commit another federal, state, or local crime during the term of supervision. |

Jessica Lynn McKown
5:17-CR-00965-OLG(2)
July 13, 2021
Page 2

On June 28, 2021, Ms. Mckown was arrested by the Windcrest Police Department for the charges of Forgery of a Commercial Instrument (Check) and Fraudulent Use or Possession of Identifying Information, incident #2118536. On June 29, 2021, Ms. Mckown was released on a $2500 bond, pending indictment. On July 27, 2021, a pre-hearing is set in the 290th District Court in Bexar County, Texas.

2. **Mandatory Condition No. 2: The defendant shall not unlawfully possess a controlled substance.**

3. **Mandatory Condition No. 3: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.**

   On October 7, 2019, Ms. McKown submitted a urine specimen which tested positive for methamphetamine.

   On March 12, 2020, a drug sweat patch was placed on the offender. It was sent to the Alere National Laboratories, specimen #761191645 and returned positive for marijuana. The offender admitted to marijuana use.

   On April 27, 2021, Ms. Mckown submitted a urine specimen which was initially positive for amphetamine. On May 16, 2021, the specimen #B04697785 was confirmed to not be consistent with normal human urine.

   On December 23, 2019, January 17, 2020, and May 19, 2021, Ms. McKown failed to adhere to random drug tests as required.

4. **Standard Condition No. 7: The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he r she shall try to find fulltime employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibi1itis), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer t least ten (10) days in advance is not possible due to unanticipated circumstances; the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change**

   Ms. Mckown has failed to maintain stable employment since the commencement of her supervised release.

Jessica Lynn McKown
5:17-CR-00965-OLG(2)
July 13, 2021
Page 3

**U.S. Probation Officer Recommendation:**
On September 9, 2019, Ms. McKown commenced her term of supervised release, with a discharge date of September 8, 2021. She has a history of methamphetamine, heroin, marijuana, and alcohol abuse. Ms. Mckown also has a mental health diagnosis of depression and anxiety and is currently taking her medications as required. On September 13, 2019, she was referred to outpatient treatment with Lifetime Recovery for co-occurring services. On February 14, 2020, a joint staffing was conducted due to Ms. McKown disclosing she had several relapse episodes since her start in treatment. She acknowledged that her missed drug screen, on January 17, 2020, was due to drug use. Ms. McKown was honest about her relapses and signed a behavioral contract vowing to attend all her appointments and remain drug-free. On February 20, 2020, a random drug screen was conducted by her counselor. Despite previous efforts to motivate Ms. McKown, the specimen tested positive, and she was unsuccessfully discharged from her treatment program for failing to comply with a behavioral contract.

On February 25, 2020, a random drug screen was conducted, and Ms. McKown tested negative. A treatment staffing was held to assist her further, and it was concluded that while Ms. McKown tested negative, she would best benefit from inpatient treatment. On February 25, 2020, a sweat patch was placed on the offender to monitor her drug use. The patch returned positive for both methamphetamine and marijuana.

On May 4, 2020, Ms. Mckown was admitted to Alpha Home Residential. She was discharged from the program due to being exposed to COVID 19 on June 25, 2020. After three failed attempts to re-enroll her into the program, on February 9, 2021, she was re-admitted to complete her remaining thirty-eight days. She successfully completed the program on March 18, 2021.

On July 1, 2021, an offense report was received from the Windcrest Police Department alleging Ms. Mckown tried to cash check #1254 for the amount of $2,850.00 at Security Service Federal Credit Union on June 28, 2021. She had in her possession a passport and an Ameriprise debit card belonging to Jennifer Ryann Jackson. According to the offense report, Ms. Jackson verified, with the Windcrest Police Department, her husband's vehicle had been stolen along with her purse containing her passport and wallet with her credit cards, reference SAPD #2021-201101682). On July 29, 2021,This officer interviewed Ms. McKown by phone, and she indicated her friend Jessica Alvarez needed to cash a check and she did not think she was doing anything illegal.  She failed to take any accountability for involvement in the financial crime.

Based on the offender's continued non-compliance, it is respectfully recommended a warrant be issued for her arrest and a hearing be held to show cause as to why her supervised release should not be revoked.

☒ The term of supervision should be

    ☒ revoked. (Maximum penalty:  **Count 5:** 2 years' imprisonment ; **Count 7:** 1 year imprisonment; **less any term of imprisonment imposed at revocation**; **Count 5:** three years' supervised release, **Count 7: 1** year supervised releas,; and payment of any unsatisfied monetary sanction previously imposed)

    ☐ extended for __ years, for a total term of __ years.

☐ The conditions of supervision should be modified as follows:

| Approved: | Respectfully submitted, |
|---|---|
| *Tracy L. Tate* (signature) | *Corrina F. Lopez* (signature) |
| Tracy L. Tate | Corrina F. Lopez |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| Telephone:  (210) 472-6590, Ext.  5317 | Telephone:  (210) 472-6590, Ext.  5342 |
| | Date:  July 13, 2021 |

cc:  Sarah Wannarka
     Assistant U.S. Attorney

     Brenda Trejo-Olivarri
     Assistant Deputy Chief U.S. Probation Officer

---

THE COURT ORDERS:

☐ No action.

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other _____

_____
Honorable Orlando L. Garcia
Chief U.S. District Judge

July 19, 2021
Date